IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STONEHOUSE RENTALS <br> SALAH IBRAHIM, <br>     Plaintiffs, <br> <br> VS. <br> <br> PATRICK DORAN; <br>     Defendant. | ) <br> ) <br> ) Case No. 17-cv-04046-JAR-GLR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Plaintiffs Stonehouse Rentals, Inc. and Salah Ibrahim, by and through the undersigned counsel and states as follows in opposition to the Defendant's Motion to Dismiss:

1. **Background.** Defendant Patrick Doran is an attorney who was hired to represent the Plaintiffs in this action. After the conclusion of the representation, Doran filed suit against Stonehouse alleging an unpaid balance of $125,268.33. After failing to serve Stonehouse Rentals at its registered address, Doran served Stonehouse through the Kansas Secretary of State's Office and eventually obtained a default judgment against Stonehouse Rentals. Stonehouse filed a Motion to Set Aside the Default Judgment that was denied and the matter was later appealed to the 10th Circuit Court of Appeals. Plaintiff Salah Ibrahim was not a party in this litigation.

2. On May 8, 2017, Plaintiffs filed suit against Patrick Doran in the District Court for Geary County, Kansas. Said suit includes several counts and includes claims of fraud, professional negligence, negligent misrepresentation, slander, libel, breach

of contract (with Ibrahim) and violations of the Kansas Consumer Protection Act (KCPA). On June 12, 2017, Doran removed this matter to this Court based on diversity jurisdiction and on June 19, 2017 filed a Motion to Dismiss the action.

3. Although the background for this case is similar to the case previously before this Court, the claims and factual issues are separate and distinct from the issues before this Court in the previous matter. Furthermore, as noted above, Ibrahim was never a party to the previous action.

4. **Defendant has properly set forth the standard for a Motion to Dismiss and in the interest of judicial economy, Plaintiffs will not reiterate it here.** With that being said, Plaintiffs would draw the Court's attention to the fact noted in the Defendant's Motion that Plaintiffs are not required to show that they will prevail in the action to survive a motion to dismiss, but rather must simply show that the claims made by the Plaintiffs are plausible. *See e.g., Scheur v. Rhodes,* 416 U.S. 232, 236 (1974).

5. **As noted in the Defendant's Motion, a required element of Res Judicata or Collateral Estoppell is that the parties be the same or in privity. Salah Ibrahim was neither a party to the previous action nor in privity with any party to the previous action.**

*The Kansas Supreme Court has defined parties as being in privity with one other for the purposes of Res Judicata or Collateral Estoppell* ***when one party "after the rendition of the judgment, [acquires] an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase****.*

*Wells v. Davis, 226 Kan. 586, 589, 603 P.2d 180, 183 (1979) (citing Bernhard v. Bank of America, 19 Cal. 2d 807, 811, 122 P.2d 892 (1942). Emphasis added.*

6. The Kansas Supreme Court has defined parties as being in privity with one other for the purposes of Res Judicata or Collateral Estoppell when one party "after the rendition of the judgment, [acquires] an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase. *Wells v. Davis*, 226 Kan. 586, 589, 603 P.2d 180, 183 (1979) (citing *Bernhard v. Bank of America*, 19 Cal. 2d 807, 811, 122 P.2d 892 (1942).

7. In *Wells*, the plaintiff filed suit against defendant Davis Van Lines and ultimately obtained judgment. *Id.* At 587. After the execution of the judgment was unsuccessful, the plaintiff filed a new suit against the owners of Davis Van Lines and a separate company owned by the same people called Davis Van and Storage. *Id.* Davis Van Line and Storage filed a motion to dismiss based on the argument that Res Judicata and/or Collateral Estoppell applied because the matter was already litigated and both companies were owned by the same individuals. *Id.* At 588. The Court found that the new suit against Davis Van Line and Storage was not barred because Davis Van line and Storage did not have privity with Davis Van Lines, the party in the previous action. *Id.* At 589.

8. Similarly, in *Carter v. Emporia*, the 10th Circuit Court of Appeals, applying Kansas Law, found that heirs or beneficiaries of an estate or in privity with the deceased as the deceased's interests passed to them at his or her death. *Carter v. Emporia*, 815 F.2d 617, 620 (10th Cir. 1987).

9. The 10th Circuit Court of Appeals, applying federal law, has reached a similar conclusion on the issue of privity. In *Lowell Staats Mining Company v. Philadelphia*

*Electric Company*, the court noted that "Privity has been held to exist in the following relationships: concurrent relationship to the same property right (i.e. trustee and beneficiary); successive relationship to the same property or right (i.e. seller and buyer); or representation of the interests of the same person." 878 F.2d 1271, 1275 (10th Cir. 1989) (citing 1B J. Moore, J. Lucas, T. Currier, Moore's Federal Practice, para. 0.411[1] at 392 (2d. ed. 1988); *see also St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1175 (10th Cir. 1979) ("Under this rule, privity denotes mutual or successive relationship to the same right of property, so that a privy is one who, after the commencement of the action, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, purchase, or assignment.").

10. It is undisputed that Stonehouse Rentals Inc. and Salah Ibrahim are separate legal entities, who can each hold property, file suit and bring claims in their individual capacities. This matter (nor the previous matter) involves any property jointly owned by the parties and Ibrahim has not acquired any property related to this litigation through assignment, inheritance, purchase, succession or any other means.
11. For these reasons, it is clear that neither Res Judicata nor Collateral Estoppell apply to Salah Ibrahim as he was neither a party to nor has privity with a party to the previous litigation.

12. **The claims made by Ibrahim and Stonehouse in this action are based upon different facts and claims then those decided in the action filed by Doran Law Offices against Stonehouse Rentals.**

*"The claim of res judicata does not apply when an **entirely different claim** for relief is stated in a subsequent action, even though the suit may be between the same parties."*

*Kumberg v. Kumberg, 232 Kan. 692, 703, 659 P.2d 823, 833 (1983). Emphasis added. See also Jackson Trak Grp., Inc. v. Mid States Port Auth., 242 Kan. 683, 691, 751 P.2d 122, 128 (1988)*

13. In the Petition in the first action, Doran set forth the existences of a contract between him and Stonehouse Rentals, the nature of the representation, and the amounts allegedly due on under the Contract.

14. The Order in the first action – which was only seven lines long – simply set forth that Stonehouse Rentals was indebted to Doran in the amount of One Hundred Thirty-Three Thousand, Twenty Four and 30/100 dollars ($133,024.30), plus interest.

15. The necessary elements of a claim for breach of contract are that a contract existed, that said contract was breached by the defendant, and the damages due to the plaintiff as the result of said breach.

16. Plaintiffs' Petition sets forth numerous facts, which would not have been reviewed in determining if the above elements for breach of contract existed, including but not limited to, that the Defendant misrepresented his skills and experience, that the Defendant intentionally and fraudulently delayed the litigation so as to increase

the legal fees due, that the Defendant has fraudulently attempted to collect on the fees due by fabricating invoices, and/or filing suit prior to said invoices coming due.

17. For example, in *Jackson Trak Group Inc. v. Mid States Port Authority*, the Kansas Supreme Court heard a case involving a railroad operator and a company that repairs railroads. 242 Kan. 683, 683 (1988). The railroad operator filed suit, which alleged that the repair company had performed faulty work and requested return of certain tools and equipment as set forth in the contract. *Id.* at 686-687. The court issued an order of replevin of the tools and equipment, but did not enter a judgment on the issue of negligent work as the contract required said claims to be decided through arbitration. *Id.* The Court noted that in order for Res Judicata or Collateral Estoppell to apply, "the issue litigated must have been determined and necessary to support the judgment" *Id.* (citing *Draperies, Inc. v. Greenhouse,* 210 Kan. 96 (1972). Accordingly, the Court rejected the defendant's claim that the later arbitration was bared by the previous determination in the state court action. *Id.* at 691.

18. Furthermore, the Defendant's Motion cites a 10th circuit case for the proposition that Res Judiciata or Collateral Estoppell would bar any claims that "could" have been brought in the previous action. *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). The flaw with this conclusion, however, is that it is taken from a federal court case and based upon the federal court's more inclusive definition of Res Judicata that would not apply to the action. *See id.* In contrast the Kansas Supreme Court has expressly rejected that claims which are not compulsory counterclaims may be barred by Res Judicata or Collateral Estoppell when not

decided in a previous action.  *See Parsons Mobile Prods., Inc. v. Remmert, 216 Kan. 138, 139, 531 P.2d 435, 437 (1975); see also Hutchinson Nat'l Bank & Tr. Co. v. English, 209 Kan. 127, 130, 495 P.2d 1011, 1014 (1972) ("It is readily apparent that the doctrine of res judicata cannot be applied to the claim for relief in damages on the basis of the Bybee bankruptcy proceedings. The present action is based on an entirely different claim for relief. It is equally apparent none of the issues in the present action were actually decided in the bankruptcy proceedings. Such a showing is required before the doctrine of collateral estoppel may be invoked.")*

19. **Plaintiffs claims were not compulsory counterclaims that were required to be brought in the first action as they are not based upon the same transaction or occurrence that was the subject matter of the Defendant's claim in the first action.**  As a preliminary matter, and as noted above, Salah Ibrahim was not a party to the previous action.  Therefore, there is no non-frivolous argument that the claims filed by Ibrahim were compulsory counterclaims, and as such, this section will focus on the claims made by Stonehouse Rentals, Inc. in this action.

> *The factors for determining if a counterclaim is permissive or compulsory are as follows:  "(1) Are the issues of fact and law raised by the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on defendants' claim absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute plaintiffs' claim as well as defendants' counterclaim? and (4) Is there any logical relation between the claim and the counterclaim?"*
>
> *Pipeliners Local Union v. Ellerd, 503 F.2d 1193, 1198 (10th Cir. 1974)*

20. Here, the factors would weigh in favor of a determination that Stonehouse's claims were not compulsory counterclaims that should have been brought in the first action.

21. As set forth below, the issues of fact in the first action and Stonehouse's counterclaims are significantly different.

| First Action | Second Action |
| --- | --- |
| What were the terms of the contract between the parties? | What representations did Doran make as to his experience with similar matters? |
| What money was paid by Stonehouse? | Did Doran intentionally delay or hinder settlement so as to increase the amounts due by Stonehouse? |
| What money is due under the terms of the contract? | Did Doran fabricate or invoices or otherwise inflate billing so as to increase the amount due by Stonehouse? |
|  | Did Doran intentionally attempt to conceal notice of the first action from Stonehouse so as to obtain a default judgment? |
|  | Did Doran fraudulently bill for work that was not performed? |
|  | Did Doran breach his duties owed to Stonehouse as its counsel? |
|  | Did Doran breach attorney-client privilege? |

22. Similarly, the legal conclusions in each action are entirely different.

| First Action | Second Action |
|---|---|
| Was a valid contract formed? | Did Stonehouse reasonably rely on Doran's false representations as to his experience? |
| Did Stonehouse breach the contract? | What damages did Stonehouse suffer as the result of Doran's intentional delay in the handling of the litigation? |
| | What duties did Doran owe to Stonehouse as its counsel? |

23. The fact that some background facts in both actions were similar would not prohibit the Defendant from bringing a new cause of action against Doran.  Moreover, the fact some facts may have been asserted in support of Stonehouse's attempts to set aside the default judgment would not cause those facts to be a part of the underlying judgment so as to trigger Res Judicata or Collateral Estoppell.

24. As the facts are entirely different in the second action, the evidence needed to support said claims would be entirely different from that of the first action.

25. **Plaintiffs' Claims were timely filed.**

26. Plaintiffs' Claims for fraud are not barred by the statute of limitations as Plaintiff did not discover the Defendant's Fraud until the filing of his Opposition to the Motion to Set Aside the Default Judgment on April 20, 2015, which was less than two years prior to the filing of this action.

27. When the legal representation by Doran ended, Stonehouse and Ibrahim believed they had paid Doran in full for all legal services provided.  Unbeknownst to them, Doran filed suit to collect on fees (prior to the due date on the invoice he later provided to the court) and then engaged in activities to conceal the existence of

said litigation from Stonehouse until after the expiration of the one-year period for filing a motion to set aside the default judgment.

28. Plaintiffs became aware of the default judgment when trying to sell a home and filed a motion to set aside said default judgment. It wasn't until Doran filed his response to said motion that Plaintiffs discovered the extent of said fraud and thus began to toll the statute of limitations.

29. Plaintiffs' Claims for negligence are not barred as the Plaintiffs did not have an actionable injury until the entry of the Order denying Stonehouse's request to set aside the default judgment on November 9, 2015, which was less than two-years prior to the filing of this action.

30. Defendant's motion correctly states that the statute of limitations for bringing claims of negligence in Kansas is two-years from the date that the Plaintiff had an actionable injury. As noted in the Plaintiffs' Petition, the Plaintiffs did not discover Doran's alleged breach of his duty of confidentiality to his client's until the hearing that took place on September 9, 2015, which is less than two-years prior to the filing of this action. Furthermore, Plaintiffs did not discovery Doran's misrepresentations regarding his experience until preparing for said September hearing or less than two years prior to the filing of this action. As Plaintiffs had not discovered said negligence, they did not have an actionable injury until said discovery.

31. Furthermore, at the time the Plaintiffs discovered the negligence on the part of Doran, the Plaintiff's immediate recourse was to file a motion to set aside the default judgment and if said default judgment was set aside and judgment

ultimately entered in favor of Stonehouse, Stonehouse and Ibrahim would not have suffered any damages nor had a claim against Doran for negligence. Therefore, Stonehouse and Ibrahim did not have an actionable injury until after such time as the motion to set aside the default judgment was denied by the Court.

32. As noted in Defendant's Motion, the statute of limitations for contract claims is five years, and therefore, no further discussion is required on that issue as Plaintiff has alleged breach of a written contract and all inferences should be drawn in favor of the Plaintiff when deciding a Motion to Dismiss.

33. Plaintiffs' are claiming that Doran violated the Kansas Consumer Protection Act when he tried to collect on inflated, inaccurate or not yet due invoices through the filing of this action and subsequent litigation of the same. As noted above, Plaintiffs suffered no damages on these claims until the Motion to Set Aside was denied, and therefore, said injury occurred upon the entry of said Order, which was less than three years before the filing of this action.

34. Finally, to the extent that the Court finds that said claims were filed outside the applicable statute of limitations, Kansas allows for equitable tolling of statutes of limitations when the Defendant has engaged in activities intended to conceal the Plaintiff's cause of action or when other equitable interests would support tolling of the statute of limitations. *See e.g., Dunn v. Dunn,* 281 P.3d 540 (2012)).

35. **Ibrahim is a consumer and his purchase of legal services from Doran was a consumer transaction.** K.S.A. 50-624(b) defines a consumer as an individual who purchases products or services for "personal, family, **business,** or agricultural

purposes." (emphasis added). Ibrahim is an individual who purchased legal services for business use.

36. Doran attempts to classify this transaction by stating that Doran Law Office performed work only on behalf of Stonehouse Rentals and request that the Court take judicial note of the same. This request is misplaced as no court has ever made such determination. As noted above, Ibrahim was not a party to the previous action and accordingly there was never a legal question of whether or not Doran provided legal services to Ibrahim. Ibrahim has alleged that he was provided legal services by Doran and as noted in Defendant's Motion, all inferences should be drawn in favor of the Plaintiff when deciding a motion to dismiss. Therefore, Ibrahim has properly plead that he is a consumer and that the Kansas Consumer Protection Act would apply to his interactions with Doran as alleged in this matter.

WHEREFORE, Plaintiffs respectfully request this Court deny the Defendants Motion and for such other relief as the Court finds just and equitable in this situation.

Respectfully Submitted,

 /s/  Rick Davis
Rick Davis #25671
Rick Davis Legal
Atorrney for Stonehouse Rentals and Salah Ibrahim
8826 Santa Fe Dr, Ste 220
Overland Park, KS 66212
Phone: (913) 210-1847
Email: rick@rickdavislegal.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby declare that a copy of the foregoing was delivered to the below parties via email on July 3, 2017 or if no email address is provided below, the document was mailed to the below parties via U.S. Mail, postage prepaid on the same date.

Patrick Doran
Doran Law Office
4324 Belleview Ave
Kansas City, MO 64111
pjdoran@doranlaw.net
Attorney for Patrick Doran

    /s/  Rick Davis
Rick Davis #25671