IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STONEHOUSE RENTALS, INC.,**<br>**SALAH IBRAHIM,**<br><br>       **Plaintiffs,**<br><br>       v.<br><br>**PATRICK DORAN**<br><br>       **Defendant.** | **Case No. 17-CV-4046-JAR-GLR** |

**MEMORANDUM AND ORDER**

Plaintiffs Stonehouse Rentals, Inc. and Salah Ibrahim filed this lawsuit against Patrick Doran in Geary County District Court alleging claims of fraud, professional negligence, negligent misrepresentation, slander, libel, breach of contract, and violations of the Kansas Consumer Protection Act ("KCPA"). Defendant removed the matter to this Court (Doc. 1) and this matter is now before the Court on Defendant's Motion to Dismiss (Doc. 4) pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court grants Defendant's motion and dismisses the case.

**I.     Factual and Procedural Background**

In 2014, In Patrick Doran, d/b/a Doran Law Office ("Doran"), filed a lawsuit against Stonehouse Rentals, Inc. ("Stonehouse Rentals"), for unpaid legal fees, Case No. 14-cv-2046-JAR. The dispute was about Doran's legal representation of Stonehouse Rentals in a matter pending in Geary County, Kansas, and involved a property in which Stonehouse held a half interest and the owner of the other half had defaulted on a mortgage held by Lawrence National Bank (the "Geary County litigation"). In June 2014, this Court granted Doran default judgment

in the amount of $133,024.30, plus post-judgment interest.[1] In April 2014, Stonehouse moved to set aside the entry of default judgment and after an evidentiary hearing, this Court denied Stonehouse's motion.[2] Relevant to these proceedings, Stonehouse Rentals argued in that case that the default judgment should be set aside under Fed. R. Civ. P 60(b)(6) because Doran's legal fees were excessive. Salah Ibrahim, the President, sole officer and then-resident agent of Stonehouse Rentals, Inc., testified at the hearing about Doran's purported failure to obtain service and Doran's legal representation of Stonehouse Rentals in the Geary County litigation. Ibrahim expressed dissatisfaction with Doran's work and disputed the amount of legal fees owed by Stonehouse Rentals. The Court rejected this argument, noting that the evidence and testimony supported Doran's claim for unpaid legal services, "despite Ibrahim's dissatisfaction with apparently favorable results."[3]

The Tenth Circuit Court of Appeals subsequently affirmed this Court's findings.[4] That court specifically disagreed with Stonehouse Rental's claim that Rule 60(b)(6) relief was appropriate because Doran's legal fees were excessive, holding that even if true, such an allegation does not present "unusual or compelling circumstances that justify relieving Stonehouse of this judgment under Rule 60(b)(6)."[5] The court further noted that this Court found there was an adequate factual basis for Doran's legal fees, "and we will not set aside that finding."[6]

---

[1] Case No. 14-2046-JAR, Doc. 8.

[2] *Doran Law Office v. Stonehouse Rentals, Inc.*, 14-2046-JAR, 2015 WL 6871330, *10–13 (D. Kan. Nov. 9, 2015).

[3] *Id.* at *13, n.52.

[4] *Doran Law Office v. Stonehouse Rentals, Inc.*, 678 F. App'x 733 (10th Cir. 2017).

[5] *Id.* at 737.

[6] *Id.*

In May 2017, Stonehouse and Ibrahim filed the present case against Doran, alleging numerous claims arising out of Doran's legal representation in the Geary County litigation. Plaintiffs allege fraud related to Doran's representation and billing in the Geary County litigation, the service of process in Case No. 14-2046, and Doran's failure to notify Stonehouse of the default judgment in Case No. 14-2046 and make any effort to collect on the judgment. Plaintiffs also allege that Doran falsely represented he had experience with litigation similar to the underlying Geary County litigation involving banks and disputes over real estate. Plaintiffs' negligence, breach of contract, and KCPA claims relate to billing and settlement steps taken in the Geary County litigation. The professional negligence and slander and libel claims are based on statements made in writing, legal pleadings before the court and testimony when testifying in Case No. 14-2046.

## II.     Standard

Defendant moves for dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. In order to pass muster under Rule 12(b)(6), "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[7] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[8] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each

---

[7] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

claim."[9] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[10]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[11] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[12] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

In ruling on a Rule 12(b)(6) motion to dismiss, the Court may take judicial notice of matters of public record, including court documents, without converting the motion to one for summary judgment.[15]

---

[9]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[10]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[11]*Id.*

[12]*Id.* at 679.

[13]*Id.*

[14]*Id.* at 678.

[15]*Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

**III.    Discussion**

    **A.  Res Judicata**

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"[16] As relevant here, "[c]laim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."[17] The Supreme Court has directed that in determining the preclusive effect of a federal diversity judgment, federal courts should adopt the same claim-preclusive rule that state courts would apply in the state in which the federal diversity court sits.[18] Thus, to determine the preclusive effect of the judgment in the first lawsuit, the Court looks to Kansas law. As a practical matter, Kansas law regarding claim preclusion does not appear to differ significantly from federal law.[19]

Under Kansas law, res judicata will bar a party from bringing a subsequent lawsuit when each of the following four factors are present: (a) the new claim is the same or arose from the same transaction or occurrence as a claim that has already been litigated; (b) the parties are the same or are in privity; (c) the claim being asserted in the new litigation was or could have been raised in the prior litigation; and (d) there was a final judgment on the merits in the prior litigation.[20] "When applying the rule, Kansas courts must be mindful of the equitable principles

---

[16] *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008).

[17] *New Hampshire v. Maine,* 532 U.S. 742, 748 (2001).

[18] *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *Hartsel Springs Ranch of Colo. v. Bluegreen Corp.*, 296 F.3d 982, 986 (10th Cir. 2002). Doran removed the case from Geary County District Court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441(b). Doc. 1.

[19] *See Tri-State Truck Ins., Ltd. v. First Nat. Bank of Wamego*, 931 F. Supp. 2d 1120, 1133 (D. Kan. 2013) (citing *Rhoten v. Dickson,* 223 P.3d 786, 797 (Kan. 2010)).

[20] *Cain v. Jacox*, 354 P.3d 1196, 1199 (Kan. 2015) (citation omitted); *see Rhoten v. Dickson*, 223 P.3d at 797 (applying the transactional approach to determine whether new litigation contains the same claim based on federal law); *O'Keefe v. Merrill Lynch & Co.,* 84 P.3d 613, 618–19 (Kan. Ct. App. 2004) (adopting transactional approach to determine whether state law claims are the same), *rev. denied* 278 Kan. 846 (2004).

animating the doctrine. Thus, courts must consider the substance of both the first and subsequent action and not merely their procedural form."[21] The doctrine is not limited to claims actually advanced in prior litigation, but to "any matter that might have been asserted in the first lawsuit."[22]

Plaintiffs do not dispute that the prior litigation resulted in a final judgment on the merits, which was affirmed by the Tenth Circuit Court of Appeals. Rather, the disagreement centers on whether this lawsuit involves the same claim as previously litigated and whether the Plaintiffs were in privity. The Court concludes these factors have been satisfied.

### *Same Claim*

The first element required in order for a defendant to prevail on a res judicata affirmative defense is that the claim being brought against it in the current litigation is identical to a claim that was brought in prior litigation.[23] The Kansas Supreme Court has defined the term "claim" for purposes of res judicata, explaining:

> In general, [claim] connotes a natural grouping or common nucleus of operative facts. Among the factors relevant to a determination whether the facts are so woven together as to constitute a single claim are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes. Though no single factor is determinative, the relevance of trial convenience makes it appropriate to ask how far the witnesses or proofs in the second action would tend to overlap the witnesses or proofs relevant to the first. If there is a substantial overlap, the second action should ordinarily be precluded.[24]

Here, there is no serious dispute that the fraud, negligence, breach of contract, and KCPA claims arose out of the same transaction or occurrence that the was subject matter of the lawsuit

---

[21]*Cain*, 354 P.3d at 1199 (citation omitted).

[22]*Stanfield v. Osborne Indus.*, 949 P.2d 602, 609 (Kan. 1997) (citing *Prospero Assoc. v. Burroughs Corp.*, 714 F.2d 1022, 1025 (10th Cir. 1983)).

[23]*Id.* at 611.

[24]*Id.*

in Case No. 14-2046: Doran's legal representation in the Geary County litigation. Doran's lawsuit against Stonehouse was based on unpaid compensation for his legal services in the Geary County litigation. The fraud, negligence, breach of contract, and KCPA claims by Plaintiffs against Doran are based on Doran's legal representation in the Geary County litigation. In fact, it is difficult to imagine a situation where the claims could be any more a part of the same transaction or occurrence than the claims brought by Plaintiffs in the present action.

*Privity*

"There is no generally prevailing definition of 'privity' which can be automatically applied to all cases. A determination of the question as to who are privies requires careful examination into the circumstances of each case as it arises."[25] Like res judicata, "privity is an equitable determination grounded in principles of fundamental fairness and sound public policy."[26] "Before privity can be invoked to satisfy the 'same party' element of res judicata, there must be a showing that 'the parties in the two actions are really and substantially in interest the same.'"[27] Privity may be established by "a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same."[28] Under Kansas law, "[t]here is an identity in the quality of the person when their alignment as adversaries is the same in both suits."[29] A non-party is bound by a judgment if he or she "assume[d] control" over the litigation in which that judgment was entered.[30]

---

[25] *Cain*, 354 P.3d at 1200 (quoting *Goetz v. Bd. of Trustees*, 454 P.2d 481, 490 (1969)).

[26] *Id.* (citations omitted).

[27] *Id.* at 1201 (quoting *Lowell Staats Min. Co., Inc. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1275 (10th Cir. 1989)).

[28] *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008).

[29] *Carter v. City of Emporia*, 815 F.2d 617, 620 (10th Cir. 1987) (applying Kansas law).

[30] *Montana v. United States*, 440 U.S. 147, 154 (1979).

Doran argues that Ibrahim, as owner and sole officer, is in privity with Stonehouse Rentals. The Court agrees. Kansas cases have found privity in several corporate contexts, including the situation in this case: the owner of a closely-held business.[31] Here, Ibrahim's participation in the prior lawsuit and testimony at the hearing demonstrate that he had both pre-existing substantive control of Stonehouse Rentals and assumed control of the litigation. Thus, Ibrahim clearly is in privity with Stonehouse Rentals and is bound by the prior judgment.

### *Claims Could Have Been Raised*

Fed. R. Civ. P. 13(a) requires a defending party to plead a counterclaim that "arises out of the transaction or occurrence that it is the subject of the opposing party's claim" and that "does not require adding another party over whom the court cannot acquire jurisdiction." The terms "transaction" and "occurrence" are interpreted realistically to resolve all related controversies in one action.[32] Here, with the exception of the defamation claim, Plaintiffs' claims are based on the legal representation that was the subject matter of the prior lawsuit and arise out of the same transaction. Thus, these claims appear to be compulsory counterclaims and are now barred, as they could have been asserted in the previous litigation.

### B. Statute of Limitations

Even if not precluded by res judicata, the Court finds Plaintiffs' claims are barred by the applicable statutes of limitation. Plaintiffs allege that Doran's legal representation began in May 2012 and ended in November 2013, when Ibrahim engaged new counsel to negotiate a settlement in the Geary County litigation.[33] Stonehouse moved to set aside this Court's entry of default

---

[31] *Patriot Mfg. LLC v. Hartwig, Inc.*, 996 F. Supp. 2d 1120, 1127–28 (D. Kan. 2014) (citing *Sampson v. Hunt*, 665 P.2d 743, 754 (Kan. 1983)).

[32] *Sprint Nextel Corp. v. Middle Man Inc.*, No. 12-2159-JTM, 2013 WL 3819938, at *3 (D. Kan. July 24, 2013) (citation omitted).

[33] Doc. 1–1 at 23.

judgment in Case No. 14-2406 on April 6, 2015; Ibrahim's Declaration was filed the same date.[34] In that motion, Stonehouse complained about Doran's invoices for legal services, lack of notice to Stonehouse, and the methods of service of process. More than two years later, on May 8, 2017, Plaintiffs filed the present action.

### *Fraud*

In Kansas, fraud claims have a two-year statute of limitations, which is deemed to have accrued when the fraud is discovered.[35] "Under Kansas law, fraud is discovered at the time of actual discovery or when, with reasonable diligence, the fraud could have been discovered."[36] Plaintiffs' fraud allegations stem from Doran's legal representation and subsequent lawsuit to collect unpaid legal fees. Plaintiffs argue that their fraud claims are not time-barred because they did not discover Doran's alleged fraud until the filing of his opposition to the motion to set aside default judgment on April 20, 2015, which they assert was less than two years prior to the filing of this action. Even accepting this argument, however, Plaintiffs filed their lawsuit in state court on May 8, 2017, which is outside the two-year period. Accordingly, Plaintiffs' fraud claim is time-barred.

### *Negligence*

Likewise, the negligence claims based on the same allegations are also time-barred. Because Plaintiffs' professional negligence and negligent misrepresentation claims sound in tort, not contract, they are also governed by a two-year statute of limitations.[37] Negligence claims are deemed to have accrued when the act giving rise to the cause of action first causes substantial

---

[34] No. 14-2406, Docs. 12, 12-1.

[35] K.S.A. § 60-513(a)(3).

[36] *Miller v. Foulston, Siefkin, Powers & Eberhardt*, 790 P.2d 404, 415 (Kan. 1990) (quoting *Waite v. Adler*, 716 P.2d 524, 527 (Kan. 1986)).

[37] K.S.A. § 60-513(a)(4).

9

injury.[38]  "Substantial injury" has been construed to mean "actionable injury."[39]  If the fact of injury is not reasonably ascertainable until after the initial act, then the period of limitations begins to run when the fact of injury becomes reasonably ascertainable to the injured party.[40]

Plaintiffs argue that there was no actionable injury on the negligence claims until this Court's ruling on the Rule 60(b) motion to set aside default judgment on November 19, 2015.  However, this argument ignores the fact that the judgment against Stonehouse was entered in June 2014, and the registration of the judgment in Kansas counties occurred in February 2014; Plaintiff's purported discovery of the judgment was in February 2015,[41] and Stonehouse moved to set aside the judgment in April 2015.  Thus, the "actionable injury" at the latest was reasonably ascertainable to Plaintiffs in April 2015, more than two years before the present lawsuit was filed, and is thus time-barred.

### *Defamation*

Plaintiffs allege that Doran made numerous untrue statements regarding Ibrahim in written legal pleadings and at the hearing on the motion to set aside default judgment conducted on September 10, 2015.  Plaintiffs' defamation claim is governed by a one-year statute of limitations.[42]  Plaintiffs do not dispute that the defamation claim is time-barred.

### *Breach of Contract*

Breach of a written contract is controlled by a five-year limitation period.[43]  Oral contracts are subject to a three-year statute of limitations.[44]  A cause of action for breach of

---

[38] K.S.A. § 60-513(b).

[39] *Roe v. Diefendorf*, 689 P.2d 855, Syl. ¶2 (Kan. 1984).

[40] K.S.A. § 60-513(b).

[41] Doc. 1–1 at 25.

[42] K.S.A. § 60-514.

[43] K.S.A. § 60-511.

contract accrues at the time of the breach.[45] Plaintiffs allege that Doran entered into an agreement to provide services on behalf of Ibrahim and Stonehouse, and breached that agreement by failing to zealously pursue settlement of the claims and by billing amounts in excess of the fees allowed under that agreement.[46] Plaintiffs argue that the five-year statute of limitations for breach of written contracts applies. Plaintiffs do not allege that there was a written agreement between the parties for Doran's legal services, but instead rely on a "new agreement that was set forth in an email from Ibrahim to [Doran] and not documented in any formal fee agreement prepared by [Doran]."[47] This allegation is insufficient to fall within the requirement for written contracts for purposes of the five-year statute of limitations.

As the Kansas Supreme Court has explained,

> The general rule is that a written agreement, contract or promise in writing which falls within the five-year statute of limitations, K.S.A. 60-511(1), must contain all its material terms in writing. A contract which is partly in writing and party oral is in legal effect an oral contract so far as the statute of limitations may be concerned. The writing necessary to have the additional protection of the five-year statute must be full and complete in itself so as not to require proof of extrinsic facts to establish all essential contractual terms.[48]

The referenced email, which was from Ibrahim to Doran, allegedly stated that Doran would be paid $3,000 per month, with Ibrahim increasing that payment to $5,000 at his discretion when Doran was required to travel to Geary County. The email is not full and complete in itself, and thus is based on an oral contract for purposes of the statute of limitations. Because the breach of

---

[44] K.S.A. § 60-512(1).

[45] *Pizel v. Zuspann*, 795 P.2d 42, 54 (Kan. 1990), *modified on other grounds* 803 P.2d 205 (Kan. 1990).

[46] Doc. 1–1 at 33–34.

[47] *Id.* at 23–24. The purported email is not attached to the Petition or Plaintiffs' response.

[48] *Chilson v. Capital Bank of Miami*, 701 P.2d 903, 907 (Kan. 1985) (citations omitted).

11

contract occurred at the latest, upon Doran's termination in November 2013, the claim is time-barred.

### *KCPA*

Finally, Plaintiffs allege that Doran violated the KCPA by engaging in unconscionable acts when he filed suit against Stonehouse for inflated and inaccurate legal fees despite receiving over $50,000 in payment from the Plaintiffs and prior to the due date on the alleged invoice.[49] Actions under the KCPA are subject to the three-year statute of limitations found at K.S.A. § 60-512. A cause of action accrues when the KCPA violation occurs.[50] Because Doran filed the first lawsuit against Stonehouse on January 31, 2014, this claim is time-barred.

### C. Sanctions

Doran urges the Court to *sua sponte* order Plaintiffs' counsel to show cause why the Court should not enter sanctions under Fed. R. Civ. P. 11. By signing and filing the Petition, Plaintiffs' counsel certified that to the best of his

> knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law; and (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.[51]

In deciding whether to impose sanctions, a district court employs an objective standard; the question is whether a reasonable and competent attorney would believe in the merit of an

---

[49] Doc. 1-1 at 34–35.

[50] *Thompson v. Jiffy Lube Intern., Inc.*, 505 F. Supp. 2d 907, 924–95 (D. Kan. 2007) (citations omitted).

[51] Fed. R. Civ. P. 11(b).

argument.[52]  Additionally, it is within the court's discretion to determine the factual issues and whether an argument is warranted by law.[53]  Rule 11 sanctions punish an attorney for filing false or misleading pleadings with the court; it ensures that an attorney abides by his duty as an officer of the court and conducts a reasonable inquiry into any fact alleged or denied.[54]

Doran suggests sanctions are warranted on the grounds that no reasonable inquiry was made into the factual and legal basis for filing the present second lawsuit.  While the Court ultimately dismisses Plaintiffs' claims on both res judicata and statute of limitations grounds, it declines to find that counsel's arguments are objectively unreasonable, sufficient to warrant Rule 11 sanctions.[55]  Accordingly, Doran's motion for sanctions is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 4) is **granted**; Defendant's motion for sanctions is **denied.**

**IT IS SO ORDERED.**

Dated: January 5, 2018

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[52] *Vehicle Mkt. Research, Inc. v. Mitchell Intern., Inc.*, No. 09-2518-JAR , 2012 WL 5512340, at *8 (D. Kan. Nov. 14, 2012) (citing *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991) (citations omitted)

[53] *Id.* (citing *Augustine v. Adams*, 88 F. Supp. 2d 1166, 1173–74 (D. Kan. 2000)).

[54] *Id.* (citing *Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993)).

[55] Plaintiffs' counsel was permitted to withdraw after the instant motion to dismiss was under advisement. Doc. 10.